FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2021 MAR 23 PM 4:44
MARGARET BOTKINS, CLERK
CHEYENNE

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| **JARED SWORDS,** | ) |
| Plaintiff, | ) Civ. # 21CV55-S |
| v. | ) |
| | ) **COMPLAINT AND DEMAND** |
| BNSF RAILWAY COMPANY, | ) **FOR JURY TRIAL** |
| a Delaware Corporation, | ) |
| Defendant. | ) |

COMES NOW the Plaintiff, Jared Swords, for his claims and causes of action against the above-named Defendant, BNSF Railway Company, a Delaware Corporation, alleges and states as follows:

## COUNT I

1. That at all times material, Plaintiff has lived and continues to live in the City of Gillette, in the State of Wyoming.

2. That at all times material, Defendant BNSF Railway Company was and is a corporation organized and existing under the laws of the State of Delaware, was and is engaged as a common carrier of freight for hire in interstate commerce, and was operating an interstate system of railroads in and through the several states, including the State of Wyoming. This system included the railyard in Guernsey, Wyoming.

3. That the Court has jurisdiction over this action pursuant to 28 USC 1331, as the claim arises under a law of the United States. The jurisdiction of this Court is founded upon Title 45, Sections 1-60 of the United States Code, the Federal Employers' Liability Act

(FELA), 45 U.S.C. §§51-60 (2006). This action is timely commenced within the meaning of 45 U.S.C. § 56.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391(a) because a substantial part of the events and omission giving rise to this action occurred in this District.

5. That at all times material, Plaintiff was employed by Defendant BNSF as a locomotive conductor. As such, Plaintiff worked and engaged in interstate transportation and commerce at the time of the incident, and all or part of his duties were in furtherance of Defendant's business of interstate commerce.

6. On April 24, 2018, Plaintiff was engaged in the course and scope of his employment working as a conductor in the Guernsey Yard in Guernsey, Wyoming.

7. Plaintiff was working on board a locomotive with an engineer on Track 286. At approximately 8AM, a switch crew was engaged in the task switching two railcars from the North Lead track to Track 276. The crew sent the cars forward at a speed of approximately 15 miles per hour. The crew negligently failed to properly align the switches to accommodate this movement to Track 276. As a direct result of their mistake, the railcars entered Track 286 and collided with Plaintiff's locomotive.

8. The force of the collision caused Plaintiff to be thrown about the locomotive cab, causing him to suffer injuries to his spine and other body parts.

9. That the injuries sustained by Plaintiff and the damages resulting therefrom were caused, in whole or in part, by the negligence of Defendant BNSF, its agents, employees, and officers in violation of the FELA. To wit, Defendant BNSF was negligent:

   a. in failing to provide Plaintiff with a reasonably safe place to work as required by law;

   b. in failing and neglecting to provide Plaintiff and his co-workers with safe and proper equipment to do said work;

c. in failing to properly line the switch to accommodate the movement of railcars into the proper track, and instead lining the switch to direct the cars into the wrong track, colliding with plaintiff's locomotive;

d. in failing and neglecting to adopt, install, implement, and/or enforce safe methods, procedures, customs, and practices; and

e. in negligently creating and/or permitting dangerous and hazardous conditions to exist in the Guernsey Yard, where plaintiff was required to work.

10. Defendant, by and through its agents and employees, was negligent and careless, and that these actions violated the Federal Employers' Liability Act, Federal Railway Administration Regulations, and other safety statutes and regulations enacted pursuant to law for the protection of Railway employees, and that said actions and/or omissions were a cause of Plaintiff's injuries.

11. As a result of Defendant's conduct, and that of its agents and employees, Plaintiff received the injuries indicated above with resultant disability, pain, suffering and anxiety, all of which are a continuing and permanent condition, together with lost wages and diminution of his earning capacity and partial loss of his enjoyment of life to his general damages in an amount yet to be determined.

12. As a result of Defendant's conduct, and that of its agents and employees, Plaintiff has incurred wage loss and medical expenses, which are continuing in nature together with other special losses to his additional damage in an amount yet to be determined.

WHEREFORE, Plaintiff respectfully prays for damages against the Defendant as follows:

(1) For Plaintiff's compensatory, general and special damages in an amount the jury deems just and proper under the circumstances;

(2) For Plaintiff's costs and disbursements herein;

(3) For pre-judgment and post-judgment interest; and

(4) For such other and further relief as the Court determines to be just and proper.

Dated: ~~April , 2019~~ March 23, 2021

By: _____
Sean Scoggin
McKellar, Tiedeken and Scoggin
P.O. Box 748
Cheyenne, WY 82003-0748
307-637-5575
sscoggin@mtslaw.net

and

BREMSETH LAW FIRM, P.C.
Fredric A. Bremseth
601 Carlson Parkway, Suite 995
Minnetonka, Minnesota 55305
(952) 475-2800
fbremseth@bremseth.com

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

_____